UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-207-GWU

KIMBERLY LYNN COOMER, PLAINTIFF,

VS. **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

### INTRODUCTION

Counsel for the plaintiff has filed a motion for an award of attorney's fees under 28 U.S.C. § 2412(d), the Equal Access to Justice Act (EAJA), seeking up to $150.00 per hour for 45.5 hours of work on the successful appeal. The defendant objects to the hourly rate and seeks a reduction in the number of hours claimed.

### APPLICABLE LAW

A court must calculate an award of fees under EAJA "based on prevailing market rates for the kind and quality of the services performed." 28 U.S.C. § 2412(d)(2). There is a statutory cap of $125.00 per hour for the legal services, but a court is free to award reasonable fees at any hourly rate below the cap. Kerin v. U.S. Postal Service, 218 F.3d 185 (2nd Cir. 2000). Additionally, cost of living and "special factors" may justify increasing the rate above the cap. 28 U.S.C. § 2412(d)(2).

1

08-207  Kimberly Lynn Coomer

Reasonable fees are those, according to the Supreme Court, "in line with those prevailing in the community for similar services . . . of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984). In making this determination, a court can look to evidence of legal fees charged in the same geographic area for the pertinent area of practice, as well as take judicial notice of the historical fee reimbursement rate in the district. London v. Halter, 134 F.Supp. 2d 940, 941-942 (E.D. Tenn. 2001). Nevertheless, the community or geographic area concept is fluid--the Sixth Circuit Court of Appeals has also discussed "prevailing market rates" as involving the metropolitan area in which another Social Security appeal was brought. Chipman v. Secretary of Health and Human Services, 781 F.2d 545, 547 (6th Cir. 1986). In addition, the Supreme Court has noted that the existence of the statutory cap (currently $125.00) on EAJA fees suggests that Congress thought this amount sufficient reimbursement for lawyers' fees, even if it should happen that "market rates" for all lawyers in the nation were higher. Pierce v. Underwood, 487 U.S. 552, 572 (1988), citing 28 U.S.C. § 2412(d)(2)(A)(ii) ("attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.") (emphasis added).[1] The burden is on the plaintiff to provide

---

[1] At the time of Pierce, the cap was $75.00. 487 U.S. at 555.

evidence that the rates he requests are in line with appropriate community rates. Blum, 465 U.S. at 895.

After the Court considers the prevailing market rate issue, it must next consider whether an increase in the fee level above the cap is justified based on cost of living increases. Begley v. Secretary of Health and Human Services, 966 F.2d 196, 200 (6th Cir. 1992). Adjustments for increases in the Consumer Price Index are left to the discretion of the district court; there will be no abuse of discretion in refusing to award a cost of living-related increase, however, even if cost of living has risen since the EAJA hourly rate levels were set by statute. Id.

In its discretion, a court may also determine to issue an award of fees exceeding the statutory cap if a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher rate. 28 U.S.C. § 2412(d)(2)(A). However, this term has been fairly narrowly interpreted by the Supreme Court. Pierce v. Underwood, 108 S.Ct. 2541, 2544 (1988) (referencing an example of patent attorneys and stating that special factors cannot be applicable to a broad spectrum of litigation). Social Security benefit practice as a whole is not beyond the grasp of a competent practicing attorney and is not necessarily a practice specialty on the level which might justify fee enhancement. Chynoweth v. Sullivan, 920 F.2d 648, 650 (10th Cir. 1990).

08-207  Kimberly Lynn Coomer

## DISCUSSION

Regarding the hourly rate, the court has consistently required a showing that the "prevailing market rate" is higher than the $125.00 per hour statutory cap under EAJA, not simply a showing that the cost of living has increased since EAJA was enacted.  See, e.g., Whisman v. Astrue, Lexington Civil Action No. 07-122-GWU (December 10, 2008); McKinney v. Astrue, Lexington Civil Action No. 08-309-GWU (July 8, 2009).  Also, as noted in McKinney, evidence of a limited availability of qualified attorneys is lacking.  As no such documentary evidence has been submitted, the court continues to find that $125.00 per hour remains the maximum rate for the Lexington Division of this district.

Turning to the number of hours claimed, the defendant requests a reduction to 15 hours from the 27 hours claimed by counsel to review the transcript and to prepare and file the motion for summary judgment.  The defendant asserts that only 2.5 pages of the 30-page Motion for Summary Judgment was an argument, and approximately half of the argument was "standard non-specific case language."  However, the court notes that many of the plaintiff's substantive arguments were covered in her statement of facts.  The structure of the brief is somewhat out of the ordinary, but it does contain more than 1.25 pages of legal argument specific to the factual situation.  In addition, the transcript was exceptionally large at over 1,400 pages and would have required more time to review than ordinarily is the case.

08-207  Kimberly Lynn Coomer

However, the court does agree that the brief contained a certain proportion of general arguments made by counsel in earlier briefs, and, in addition, the case was remanded on the issue of the plaintiff's mental impairment, not because of the physical factors upon which much of the plaintiff's brief is predicated.  Accordingly, some reduction in the number of hours is appropriate.  The court finds that 22 hours, almost three full eight-hour working days, should have been sufficient.

Therefore, the court being sufficiently advised,

IT IS HEREBY ORDERED that the Motion for Attorney Fees, Docket Entry No. 16, is GRANTED in part and DENIED in part; counsel for the plaintiff is awarded EAJA fees in the amount of $5,062.50 (40.5 hours x $125.00 per hour) and expenses of $120.51.

This the 11th day of August, 2009.

Signed By:

<u>G. Wix Unthank</u>

United States Senior Judge